**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 1:19-CR-4-LY-4 |
| | § | |
| PAUL RODRIGUEZ (4) | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. Dkt. 231. The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.  Procedural Background

On November 14, 2019, Defendant Paul Rodriguez was sentenced to nine months imprisonment, followed by a three-year term of supervised release, for Conspiracy to Possess with Intent to Distribute a Controlled Substance: Synthetic Cannabinoids, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). Mr. Rodriguez's supervision commenced on November 19, 2019, and the Probation Office filed the Petition for Warrant or Summons for Offender under Supervision ("Petition") on August 17, 2022. Dkt. 231.

1

In the Petition, the Probation Office alleges that on August 1, 2022, Mr. Rodriguez was arrested in Live Oak County, Texas, and charged with unlawful possession of a firearm by a felon, possession of marijuana, and two counts of possession of a controlled substance. The Probation Office alleges that Defendant thus violated the following conditions of his Supervised Release:

- **Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime during the term of supervision.

- **Mandatory Condition No. 2:** The defendant shall not unlawfully possess a controlled substance.

- **Standard Condition No. 3:** The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

- **Standard Condition No. 10:** The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

*Id*. A preliminary and final revocation hearing is set for 10 a.m. on December 20, 2022, before the undersigned Magistrate Judge. Dkt. 238.

## II.  Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On December 19, 2022, the parties submitted an Agreed Recommended Disposition in Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearings

("Agreed Recommended Disposition"). Dkt. 240. The Agreed Recommended Disposition states that Mr. Rodriguez wishes to plead true to the violation of Standard Condition No. 3 alleged in the Petition, and that: "Mr. Rodriguez admits that he knowingly left the Western District of Texas without authorization." *Id.* at 2.

The filing further states that Mr. Rodriguez's counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office with Mr. Rodriguez and advised him of his right to a preliminary and final revocation hearing, including his rights to be physically present, and his rights under Fed. R. Crim. P. 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* The Agreed Recommended Disposition states that, after consultation with counsel, Mr. Rodriguez wishes to waive his right to be present at his preliminary and final revocation hearings and also wishes to waive the hearings. *Id.* at 2. The agreed filing further states:

> The parties have conferred in this case and agree that an appropriate resolution of this matter would be to accept Mr. Rodriguez's plea of true to the alleged violation of the standard conditions; revoke Mr. Rodriguez's term of supervised release; sentence Mr. Rodriguez to a period of incarceration of five (5) months; and find that no supervised release should follow. This disposition is favorable to Mr. Rodriguez, and the Government does not object it.

*Id.*

### III.  Findings of the Court

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Rodriguez's plea of "True" to the violation of Standard Condition No. 3, the Court finds that Mr. Rodriguez violated a condition of his supervised release by knowingly leaving the Western District of Texas without first getting permission from the court or the probation officer.

## IV. Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 59), the Court **RECOMMENDS** that Mr. Rodriguez's supervised release be **REVOKED** and that he be sentenced to **five (5) months** incarceration, with no supervised release to follow. Mr. Rodriguez also asks that the Court grant him credit toward this sentence from August 1, 2022 – the date of his arrest by the Texas Department of Public Safety – and the Government does not object to this request. Dkt. 240 at 3.

## V. Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on December 19, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE